```
                      UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF WASHINGTON
                                AT SEATTLE
```

| | | |
|---|---|---|
| THOMAS J. PAULSON, | ) | Case No. C08-338-MJP-JPD |
| Plaintiff, | ) | |
| v. | ) | |
| SNOHOMISH COUNTY JUDICIAL OFFICIALS, et al., | ) | REPORT AND RECOMMENDATION |
| Defendants. | ) | |

Plaintiff Thomas J. Paulson has filed an application to proceed *in forma pauperis* ("IFP") in this proposed civil rights lawsuit against defendants "Snohomish County Officials (Judicial Branch)," the "Snohomish County Regional Drug Task Force," "South Snohomish County Narcotics Task Force," and the "Public Safety Committee." Dkt. No. 1-1. Plaintiff's complaint is difficult to follow. While purporting to pursue a civil case, plaintiff fails to present any concrete civil claims; rather, he simply airs general grievances regarding actions of an attorney—perhaps his former attorney—in certain Snohomish County criminal matters, alleges random violations of law by the Social Security Administration and Snohomish County Government officials, and apparently seeks an expungement of sorts. Dkt. No. 1-1. After careful consideration of plaintiff's IFP application, proposed complaint, the governing law and the balance of the record, the Court ORDERS as follows:

REPORT AND RECOMMENDATION
PAGE – 1

01       Pursuant to 28 U.S.C. § 1915(e)(2)(B), this Court may deny an application to proceed

02 IFP and should dismiss a complaint if it is frivolous or fails to state a claim upon which relief

03 can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii); *O'Loughlin v. Doe*, 920 F.2d 614, 616

04 (9th Cir. 1990). An action is frivolous if "it lacks an arguable basis either in law or in fact."

05 *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

06       Here, plaintiff has failed to allege sufficient facts to place the defendant on notice of the

07 nature of his claims or otherwise provide any basis for jurisdiction in this Court. *See* Fed. R.

08 Civ. P. 8(a). His complaint also appears to name as defendants governmental actors who enjoy

09 immunity from suit. *See, e.g.*, *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976); *Pierson v. Ray*,

10 386 U.S. 547, 553-54 (1967). Furthermore, any attempt to cure the extreme deficiencies in

11 this case would be futile. Because this action appears frivolous and fails to state a claim upon

12 which relief can be granted, it is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B) and

13 Federal Rule of Civil Procedure 12(b)(6). The fact that plaintiff is not a prisoner does not

14 change this conclusion. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection

15 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners.").

16       The Court advises plaintiff of his responsibility to research the facts and law before

17 filing a complaint in order to determine whether his claim for relief is frivolous. If plaintiff files

18 a frivolous action, he may be sanctioned. *See* Fed. R. Civ. P. 11. The Court would likely

19 impose a sanction of dismissal on any frivolous complaint. If plaintiff files numerous frivolous

20 or malicious complaints, the Court may bar him from proceeding in this court. *See DeLong v.*

21 *Hennessey*, 912 F.2d 1144, 1146-48 (9th Cir. 1990) (discussing bar order requirements).

22       Because of the extreme deficiencies in plaintiff's complaint, his request to proceed IFP

23 should be DENIED and this case DISMISSED without prejudice. 28 U.S.C. § 1915(e)(2)(B).

24 A proposed Order of Dismissal accompanies this Report and Recommendation. If plaintiff

25 believes that the deficiencies outlined herein can be cured by an amendment to his complaint,

26 he should lodge an amended complaint as a part of his objections, if any, to this Report and

REPORT AND RECOMMENDATION
PAGE – 2

01 Recommendation.

02     DATED this 10th day of March, 2008.

*[signature: James P. Donohue]*

JAMES P. DONOHUE
United States Magistrate Judge